UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PELLA CORPORATION, ) | |
| ) | Case No: 4:11-cv-00273-JAJ-RAW |
| Plaintiff, ) | |
| ) | **DEFENDANT LIBERTY MUTUAL** |
| v. ) | **INSURANCE COMPANY'S** |
| ) | **CONTESTED MOTION TO EXTEND** |
| LIBERTY MUTUAL INSURANCE ) | **THE DUE DATE FOR FILING** |
| COMPANY, ) | **RESPONSIVE PLEADINGS OR** |
| ) | **OTHER PAPERS** |
| Defendant. ) | |

_____

Pursuant to F.R.C.P. 7 and LR 7, Defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), hereby moves to extend the due date for its responsive pleadings or other papers, stating as follows:

1. Pella Corporation filed its complaint ("Pella's complaint") in this action on June 7, 2011.

2. On June 20, 2011, Liberty Mutual filed an Agreed Motion for Extension of Time for Defendant to Move or Plead in Response to Plaintiff's Complaint (Doc. # 2), which requested a thirty-day extension of time until August 5, 2011 for Liberty Mutual to move or plead in response to Pella's complaint.

3. The Court granted Liberty Mutual's Agreed Motion for Extension of Time on June 21, 2011 (Doc. # 3).

4. Liberty Mutual is contemporaneously filing a Motion for Stay of Proceedings, which requests this Court to stay this action until the Eighth Circuit issues its decision in the case captioned *Liberty Mutual Insurance Co. v. Pella Corp. and Pella Windows and Doors, Inc.,* Case

No. 07-cv-00508 ("Pella I"). Pella I was argued before the Eighth Circuit on February 15, 2011, and a decision by the Eighth Circuit is expected in the near future.

5.      The filing of a motion to stay proceedings alone does not automatically allow the moving party to defer the filing of responsive pleadings. However, given the issues before the Eighth Circuit that will no doubt impact how the instant action is framed, until the Eighth Circuit renders a decision in Pella I, Liberty Mutual will be prejudiced by having to file its responsive pleadings or papers in this action at this time.

6.      Specifically, Liberty Mutual will be prejudiced because the Eighth Circuit ruling in Pella I directly affects how Liberty Mutual may answer the complaint here, which affirmative defenses Liberty Mutual may plead in response to Pella's complaint, whether Liberty Mutual will file any compulsory counterclaims and/or whether Liberty Mutual will move to dismiss this action. Without the benefit of the Eighth Circuit's decision in Pella I, Liberty Mutual does not currently possess the information it needs in order to appropriately respond to this complaint.

7.      Furthermore, judicial economy is best served by extending the due date of Liberty Mutual's responsive pleadings or papers until Pella I is decided so that the Court and parties will not be required to review and respond to filings that may be rendered moot by or be amended based upon the Eighth Circuit's ruling in Pella I.

8.      Liberty Mutual therefore respectfully requests that the Court stay the due date of Liberty Mutual's responsive pleadings or papers as follows:

    a.    Stay the due date of Liberty Mutual's responsive pleadings or papers until the Court decides Liberty Mutual's Motion for Stay of Proceedings; and

    b.    If the Court grants Liberty Mutual's Motion for Stay of Proceedings, stay the due date of Liberty Mutual's responsive pleadings or papers until twenty-one (21) days from the date the stay of proceedings is lifted; or

      c.    If the Court denies Liberty Mutual's Motion for Stay of Proceedings, stay the due date of Liberty Mutual's responsive pleadings or papers until twenty-one (21) days from the date the stay of proceedings is denied.

9. Alternatively, if the Court denies this motion, Liberty Mutual requests that the Court enter an Order which states that Liberty Mutual's responsive pleadings or papers are not deemed late and that Liberty Mutual will have twenty-one (21) days from the date this motion is denied to file its responsive pleadings or papers.

10. Counsel for Liberty Mutual sought concurrence in this motion from counsel for Pella, which was denied.

WHEREFORE, Liberty Mutual respectfully requests that this Court stay the due date for Liberty Mutual's responsive pleadings or papers as set forth herein.

       s/ Danielle Perez
Charles W. Browning
Jeffrey C. Gerish
Kenneth C. Newa
Danielle Perez
Plunkett Cooney
38505 Woodward Avenue, Ste. 2000
Bloomfield Hills, MI  38304
(248) 901-4000  Phone
(248) 901-4040  Facsimile
cbrowning@plunkettcooney.com
jgerish@plunkettcooney.com
knewa@plunkettcooney.com
dperez@plunkettcooney.com

and

Robert V.P. Waterman, Jr.
Lane & Waterman LLP
220 N. Main Street, Suite 600
Davenport, IA  52801
(563) 324-3246  Phone
(563) 324-1616  Facsimile
bwaterman@l-wlaw.com

Dated:  August 5, 2011          *Attorneys for Liberty Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 5, 2011, I electronically filed a copy of ***Defendant Liberty Mutual Insurance Company's Motion to Extend the Due Date for Filing Responsive Pleadings or Other Papers*** with the Clerk of the Court using the ECF system, which will send notification to all counsel of record who have filed appearances in this action.

        *s/ Danielle Perez*_____
Danielle Perez
Charles W. Browning
Jeffrey C. Gerish
Kenneth C. Newa
Plunkett Cooney
38505 Woodward Avenue, Ste. 2000
Bloomfield Hills, MI  38304
(248) 901-4000  Phone
(248) 901-4040  Facsimile
cbrowning@plunkettcooney.com
jgerish@plunkettcooney.com
knewa@plunkettcooney.com
dperez@plunkettcooney.com

and

Robert V.P. Waterman, Jr.
Lane & Waterman LLP
220 N. Main Street, Suite 600
Davenport, IA  52801
(563) 324-3246  Phone
(563) 324-1616  Facsimile
bwaterman@l-wlaw.com

*Attorneys for Liberty Mutual Insurance Company*

Open.06856.12054.11083775-1